Steven John Moser (SM1133)
Steven J. Moser, P.C.
3 School Street, Suite 207B
Glen Cove, New York  11542
(516) 671-1150 • F (516) 882-5420
*Attorney for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
KARLA LOPEZ-SERRANO,                                          Case No. 14-Civ.-06056

                                                    Plaintiff,          **COMPLAINT**

                    *-against-*


ALLISON ROCKMORE,

                                                    Defendants.

        Plaintiff Karla Lopez-Serrano ("Plaintiff" or "Ms. Lopez"), complaining of

defendant Allison Rockmore (Rockmore), alleges as follows:

NATURE OF THE ACTION

        1.      This lawsuit seeks to recover overtime compensation for the Plaintiff, a

domestic service worker, under the FLSA, 29 U.S.C. 201, et seq., and the New York

Labor Law §§ 170 and 191.

        2.      This lawsuit seeks to recover minimum wages not paid to the Plaintiff

during her last week of employment under the FLSA.

        3.      This lawsuit seeks to recover damages for violations of the anti-retaliation

provisions of the FLSA (29 U.S.C. § 215) and the NYLL § 215.

        4.      This lawsuit also seeks to recover damages for wage violations under

NYLL §195-1(a)(for failure to provide a wage notice) and NYLL §195-3(for failure to

provide a wage statement).

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b),

28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state law

claims pursuant to 28 U.S.C. § 1367, as such claims are so related in this action to the

federal claims that they form part of the same case or controversy under Article III of the

United States Constitution.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C.

§ 1391.  A substantial part of the events or omissions giving rise to the claims in this

action occurred within the Eastern District of New York.

## THE PARTIES

### Plaintiff Karla Lopez-Serrano

7.      Plaintiff is an adult individual who is a resident of Nassau County, New

York.

8.      Plaintiff was employed as a domestic worker in the defendant's home

from December 2011 through September 2012.

### Defendant Allison L. Rockmore

9.      Defendant Allison L. Rockmore ("Rockmore") is an adult individual

residing at 4 White Oak Tree Road, Syosset, County of Nassau, State of New York.

### PLAINTIFF'S FACTUAL ALLEGATIONS

10.     In December 2011 Rockmore hired the Plaintiff as a domestic worker in

Ms. Rockmore's home at 4 White Oak Tree Road, Syosset, New York.

11.     Rockmore paid the Plaintiff a weekly salary of between $425-$500.

12.     Rockmore did not record the hours worked by the Plaintiff while under her employ0000.

13.     Rockmore has no personal knowledge of the actual hours worked by the Plaintiff while under her employ.

14.     The Plaintiff's regular workweek was from Monday to Friday.

15.     The Plaintiff worked for Rockmore on September 10, 2014, September 11, 2014, September 12, 2014, September 13, 2014 and September 14, 2014.

16.     Rockmore usually paid the Plaintiff on Friday.

17.     On Friday, September 14, 2014 Rockmore did not pay the Plaintiff for wages earned from September 10, 2012 through September 14, 2012.

18.     On Sunday, September 16, 2012 Rockmore received a request from the Plaintiff to have a "day off" on Monday September 17th 2012.

19.     On Sunday, September 16, 2012 Rockmore responded that she could not give the Plaintiff the day off.

20.     On Monday, September 17, 2012 the Plaintiff did not report to work.

21.     On Tuesday, September 18, 2012 Rockmore sent a text message to the Plaintiff which gave the Plaintiff the rest of the week off, and concluded "I'll see you on Monday.  Take care."

22.     On Sunday, September 23, 2012 Rockmore sent a text message to the Plaintiff which stated in part "…tomorrow is not a good day so don't come.  I will call you tomorrow."

23.     On Sunday, September 23, 2014 Rockmore sent another text message to the Plaintiff which stated "Hi Karla I can't' talk right now. I will call u tomorrow. Tomorrow is not a good day. So don't come tomorrow. I will call u tomorrow."

24.     On Monday, September 24, 2012 Rockmore did not call the Plaintiff.

25.     On Monday, September 24, 2014 Rockmore received a text message from the Defendant which stated "Hi, Mrs. Allison, I'm been waiting for your call. What r u want me to do. Come back to work for you or not any more? I really need to know so I know what to do. Please let me know soon."

26.     On Tuesday, September 25, 2012 at 7:33 am Rockmore (who is an attorney) sent the Plaintiff a text message which stated, in part "I'm in court right now. U left me hanging at a really bad time. U didn't even have the courtesy to call me that Monday morning . You knew it was a holiday and u know I have to go to work. To not call or come to work Monday morning after u said u would was not right…"

27.     On Tuesday, September 25, 2014 Rockmore received a text message from the Plaintiff as follows: "I'm so sorry what I did to u I just want my stuff and my week pay because u may not let me work for u I am so sorry please forgive me mrs Allison." [Emphasis supplied].

28.     On Tuesday, September 25, 2014 Rockmore received another text message from the Plaintiff as follows: "At least let me get my cloths. If u r going to pay me pay me when I go get my cloths and if ur not going to pay me then don't."

29.     On Sunday, September 30, 2012 Rockmore received another text message from the Plaintiff as follows: "Hi, Mrs Allison, please Mrs let me come back to work for

you or just let me get my stuff back please. I'm sorry what I did to you please forgive me and give me another chanse."

30.     On Saturday, October 20, 2012 at 7:54 am Rockmore sent a text message to the Plaintiff which stated, in part: "Hi Karla. Ur clothes are at the end of the driveway. Please get them before 9…"

31.     On Saturday, October 20, 2012 Rockmore received the following text message from the Plaintiff: "Hi, what r about the money? Is in there I wont stop coming to ur house if you don't pay me."

32.     On Saturday, October 20, 2012, Rockmore sent the following text message to the Plaintiff: "I've told u. U cost me hundreds of dollars to replace u on an emergency basis for ur failure to show up.   Now ur threatening me. I will call the police."

33.     On Saturday, October 20, 2014, Rockmore received the following text message from the Plaintiff: "So that's not my business u deed to give me my money. I don't care."

34.     On Saturday October 20, 2014, Rockmore sent text messages to the Plaintiff which stated in part:

> This is the last communication I am having w you. Ur clothes are at the end of the driveway. I'm not leaving them out all day. If they r not picked up by 9 I will call the police make a report that those items were here for u to pick up and u didn't pick them up. I then I will give them to charity…
>
> This will confirm that Ur belongings were picked up in a black/dark car at approximately 9:10 am. Plz don't' call or contact or come to my home…

## PROCEDURAL HISTORY

35.     On December 7, 2012 the Plaintiff commenced an action in New York

State Supreme Court, Nassau County, in which the plaintiff asserted claims under the

New York Labor Law.    Serrano v. Rockmore, Index No. 014963/2012 (the "State

Action").

36.     It was hoped that there would be an early resolution of the Plaintiff's

claims, and there would not be the need to invoke the Plaintiff's rights under the FLSA or

burden the Federal Courts with this case.

37.     Instead, that case has been vigorously defended by Rockmore in the State

Action.   Rockmore has continued to refuse to pay the plaintiff for her last week of

wages.   The depositions of all parties have been conducted.   Plaintiff has expended

significant efforts and mounted significant legal fees in prosecuting the State Action.

38.     Plaintiff intends on discontinuing the State Action so that the Plaintiff may

pursue her State and Federal Remedies concurrently in Federal Court.

### FIRST CAUSE OF ACTION

### MINIMUM WAGE VIOLATION

#### FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 ET SEQ.

39.     Plaintiff realleges and incorporates by reference all allegations in all

preceding paragraphs.

40.     Plaintiff was a domestic employee.

41.     Rockmore employed the Plaintiff.

42.     Effective May 25, 2009, the federal minimum wage for domestic

employees is $7.25 per hour.

43.     Rockmore failed to pay Plaintiff the minimum wages to which she is entitled for work performed on September 10, 2014, September 11, 2014, September 12, 2014, September 13, 2014 and September 14, 2014.

44.     Rockmore's violations of the FLSA have been willful, in that she knew or should have known that her actions, as described herein, violated the FLSA.

45.     Because Rockmore's violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

SECOND CAUSE OF ACTION

OVERTIME VIOLATIONS

FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 ET SEQ.

46.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47.     Rockmore failed to pay Plaintiff overtime wages to which she is entitled under the FLSA.

48.     Rockmore's violations of the FLSA have been willful, in that she knew or should have known that her actions, as described herein, violated the FLSA.

49.     Because Rockmore's violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

THIRD CAUSE OF ACTION

RETALIATION UNDER 29 U.S.C. 215(a)(3)

50.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51.     Plaintiff complained to Rockmore that she be paid her wages.

52.     In retaliation against the Plaintiff, Rockmore texted "I will call the police.."

53.     In retaliation against the Plaintiff, Rockmore placed the Plaintiff's clothes in garbage bags, left them at the end of Rockmore's driveway, and texted "Ur clothes are at the end of the driveway.  I'm not leaving them out all day.  If they r not picked up by 9 I will call the police make a report that those items were here for u to pick up and u didn't pick them up.  I then I will give them to charity…"

## FOURTH CAUSE OF ACTION

### UNPAID OVERTIME – NEW YORK LABOR LAW §170

54.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55.     The plaintiff was a "domestic worker" within the meaning of the NYLL.

56.     The plaintiff resided in Rockmore's home.

57.     Pursuant to NYLL §170 Rockmore was obligated to pay overtime pay at the rate of one and one-half times the regular rate of pay in excess of forty four (44) hours in a given work week.

58.     Defendants failed to pay the Plaintiff overtime wages to which she is entitled under NYLL §170.

59.     Defendants' violations of the NYLL, as described in this Complaint, have been willful and intentional.

## FIFTH CAUSE OF ACTION

### NON-PAYMENT OF WAGES UNDER NYLL 191

60.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.     The plaintiff was a manual worker and as such was entitled to payment on a weekly basis pursuant to NYLL §191.

62.     The Defendant Rockmore has failed to pay the plaintiff her lawfully earned wages for her last week of employment.

SIXTH CAUSE OF ACTION

WAGE STATEMENT VIOLATIONS - NEW YORK LABOR LAW §§ 195 & 198

63.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.     New York Labor Law §195, subdivision three, requires an employer to furnish to each employee "a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

65.     Throughout the course of plaintiff's employment, the Defendant Rockmore failed to provide the statement required by New York Labor Law § 195(3)

- 9 -

SEVENTH CAUSE OF ACTION

WAGE NOTICE VIOLATIONS -  NEW YORK LABOR LAW §§ 195 & 198

66.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67.     New York Labor Law §195(1)(a), requires an employer to furnish to each employee "a notice containing the following information: the rate or rates of pay and basis thereof…in writing in English and in the language identified by each employee as the primary language of such employee."

68.     Throughout the course of plaintiff's employment, the Defendant Rockmore failed to provide the notice required by New York Labor Law § 195(1)(a).

EIGHTH CAUSE OF ACTION

UNLAWFUL RETALIATION - NEW YORK LABOR LAW §215

69.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.     An employer may not "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee" for complaining of conduct to the employer that violates any provision of Chapter 31 of the New York Labor Law.  NYLL § 215-1.

71.     The plaintiff engaged in protected activity when she complained to Defendant Rockmore regarding the non-payment of wages.

72.     In retaliation against the Plaintiff, Rockmore texted "I will call the police.."

73.     In retaliation against the Plaintiff, Rockmore placed the Plaintiff's clothes in garbage bags, left them at the end of Rockmore's driveway, and texted "Ur clothes are at the end of the driveway.  I'm not leaving them out all day.  If they r not picked up by 9 I will call the police make a report that those items were here for u to pick up and u didn't pick them up.  I then I will give them to charity…"

74.     The defendant Rockmore's conduct constitutes unlawful retaliation under §215.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A.     Unpaid overtime pay;

B.     Unpaid minimum wages;

C.     Unpaid wages;

D.     An award of damages under NYLL § 198 for defendants' Wage Statement Violations;

E.     An award of damages under NYLL §198 for defendants' Wage Notice Violations;

F.     Attorneys' fees;

G.     Liquidated damages in an amount equal to unpaid minimum wages under 29 U.S.C. §216;

H.     Liquidated damages in an amount equal to unpaid overtime wages under 29 U.S.C. §216;

I.      Liquidated damages in an amount equal to unpaid overtime under NYLL

§663;

J.      Liquidated damages in an amount equal to unpaid wages under NYLL

§663;

K.      Liquidated damages in the amount of $10,000.00 pursuant to NYLL §215;

L.      Such legal or equitable relief as may be appropriate to effectuate the

purposes of 29 U.S.C. §215.

M.      Such other relief as this Court shall deem just and proper.


Dated:  Glen Cove, New York
        October 15, 2014

                                    Respectfully Submitted,
                                    STEVEN J. MOSER, P.C.



                                    Steven John Moser
                                    1 School Street, Suite 303
                                    Glen Cove, New York  11542
                                    (516) 671-1150 ● F (516) 882-5420
                                    stevenjmoserpc@gmail.com

JS 44 (Rev. 1/2013)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Karla Lopez-Serrano | Allison Rockmore |

| **(b)** County of Residence of First Listed Plaintiff   __Nassau__<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   __Nassau__<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Steven J. Moser, P.C.<br>3 School Street, Suite 207B, Glen Cove, NY 11542<br>(516) 671-1150 | Attorneys *(If Known)*<br>Law Offices of David S. Feather<br>666 Old Country Rd., Suite 605, Garden City, New York 11530<br>(516) 745-9000 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal<br>Injury<br>☐ 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>Product Liability<br>☐ 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 445 Amer. w/Disabilities -<br>Employment<br>☐ 446 Amer. w/Disabilities -<br>Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>Conditions of<br>Confinement | **LABOR**<br>☒ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Management<br>Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS—Third Party<br>26 USC 7609 | ☐ 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>☐ 950 Constitutionality of<br>State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original
  Proceeding
- ☐ 2  Removed from
  State Court
- ☐ 3  Remanded from
  Appellate Court
- ☐ 4  Reinstated or
  Reopened
- ☐ 5  Transferred from
  Another District
  *(specify)*
- ☐ 6  Multidistrict
  Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 201 et. seq.

Brief description of cause:
Unpaid overtime and minimum wages

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
10/15/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, <u>Steven J. Moser, Esq.</u>, counsel for <u>Plaintiff</u>, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐     monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐     the complaint seeks injunctive relief,

☐     the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)     Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: <u>Yes</u>

2.)     If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?_____

b) Did the events of omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?_____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____
       (Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
       ☒    Yes             ☐    No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
       ☐    Yes    (If yes, please explain)    ☒    No

I certify the accuracy of all information provided above.

**Signature:**_____